MICHAEL J. CUMMINS (184181)
JOSHUA A. SOUTHWICK (246296)
GIBSON ROBB & LINDH LLP
1255 Powell Street
Emeryville, California 94608
Telephone:  (415) 348-6000
Facsimile:   (415) 348-6001
Email:        mcummins@gibsonrobb.com
                  jsouthwick@gibsonrobb.com

Attorneys for Plaintiffs
ATLANTIC SPECIALTY INSURANCE COMPANY,
FEDERAL INSURANCE COMPANY, INDEMNITY
INSURANCE COMPANY OF NORTH AMERICA,
INTACT INSURANCE COMPANY, and
TAIAN INSURANCE CO., LTD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY; FEDERAL INSURANCE COMPANY; INDEMNITY INSURANCE COMPANY OF NORTH AMERICA; INTACT INSURANCE COMPANY and TAIAN INSURANCE CO., LTD.<br><br>        Plaintiffs,<br><br>        v.<br><br>APEX LOGISTICS INTERNATIONAL INC.; UPS ASIA GROUP PTE. LTD.; TOPOCEAN CONSOLIDATION SERVICE (LOS ANGELES) INC.; TIANSHI LOGISTICS CO., LTD.;TRANS KNIGHTS, INC.; and DOES ONE THROUGH TEN<br><br>        Defendants. | Case    2:21-cv-8974<br><br>**COMPLAINT FOR DAMAGE TO CARGO**<br>―――――――――――――<br><br>(Damages in the sum of $1,230,130) |

/ / /

/ / /

Plaintiffs' complaint follows:

1.      Plaintiffs ATLANTIC SPECIALTY INSURANCE COMPANY ("ATLANTIC"), FEDERAL INSURANCE COMPANY ("FEDERAL"), INDEMNITY INSURANCE COMPANY OF NORTH AMERICA ("INDEMNITY"), INTACT INSURANCE COMPANY ("INTACT") and TAIAN INSURANCE CO., LTD. ("TAIAN"), (collectively "Plaintiffs"), are now, and at all times herein material were, corporations duly organized and existing by virtue of law, and were the insurers of the hereinafter described shipments, as fully identified in Schedule A.

2.      Plaintiffs are informed and believe that defendants APEX LOGISTICS INTERNATIONAL INC., UPS ASIA GROUP PTE. LTD., TIANSHI LOGISTICS CO., LTD., TOPOCEAN CONSOLIDATION SERVICE (LOS ANGELES) INC., and TRANS KNIGHTS, INC., (collectively "Defendants") are now, at all times material herein were, corporations duly organized and existing by virtue of law and engaged in the business as common carriers for hire and transportation intermediaries within the United States and this judicial district, with places of business in this district.

3.      The true names of defendants named herein as DOE ONE through DOE TEN, each of whom is or may be responsible for the events and matters herein referred to, and each of whom caused or may have caused or contributed to the loss herein complained of, are unknown to plaintiffs, who therefore sues said defendants by such fictitious names. Plaintiffs will amend its complaint to show the true names of said defendants when the same have been ascertained.

4.      Plaintiffs' complaint contains a cause of action for damage to cargo arising under a statute of the United States, namely the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 note, *et. seq.* (2006) ("COGSA") and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as more fully appears herein. Additionally, the Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333.

These are admiralty and maritime claims within the meaning of Rule 9(h), Federal Rules of Civil Procedure, as hereinafter more fully appears.

5.      Plaintiffs are informed and believe, and on the basis of such information and belief, alleges that the shipments of cargo described in Schedule A were received in good order and condition by Defendants and DOE ONE through TEN on or about the date and at the Port of Loading as identified in Schedule A. Plaintiffs further allege that in exchange for good and valuable consideration each defendant agreed to transport and carry the shipment it received, as identified in Schedule A, to the Place of Delivery identified in Schedule A via the Port of Long Beach, California and there deliver said shipment to the lawful owner of the shipment in the same condition as when received.

6.      Each of the above shipments was placed aboard the vessel ONE APUS for transport from a foreign Port to Long Beach, California. During the ocean transit to Long Beach and on or about November 30, 2020, each of the shipments was lost overboard along with more than 1800 other ocean containers of cargo, resulting in likely the second largest cargo loss in history.

7.      Following the loss, the vessel diverted to Kobe, Japan, where repairs were made, however, despite reasonable requests, Plaintiffs' consultants, and experts and those of other cargo interests were refused to allow to board the vessel to inspect the damage and other evidence relevant to the container loss failure, with such actions potentially constituting spoliation.

8.      The vessel subsequently arrived at Long Beach, California on or about April 19, 2021, and as of that date, Plaintiffs are informed and believe that many cargo owners still did not know whether their cargo was damaged or lost overboard.

9.      Prior to Defendants' receipt of the shipments and any loss thereto, Plaintiffs issued their policies of insurance whereby Plaintiffs agreed to indemnify the owners of said shipments and its assigns against loss or damage to said shipments, and Plaintiffs have heretofore become obligated to pay and have paid to

the person entitled to payment under said policies of insurance on account of the loss of each shipment, as identified in Schedule A, and thus have become contractually and/or equitably subrogated to their rights and claims, or has been assigned the rights to recovery for the cargo loss described in Schedule A, including recovery of any deductible incurred or paid under the policy.

## **FIRST CAUSE OF ACTION**

### **(Damage to Cargo - COGSA)**

10.     Plaintiffs refer to and incorporate herein by reference paragraphs 1-9 as though fully set forth herein.

11.     Each defendant, including DOE ONE through TEN, under contracts of carriage, namely the bills of lading identified in Schedule A and others, and in return for good and valuable consideration, agreed to carry the shipment it received, as identified in Schedule A, from a port of a foreign country to the Place of Delivery, as both identified in Schedule A, via the Port of Long Beach, California and there deliver said shipment in the same good order, condition, and quantity as when received to the lawful owner of the shipment.

12.     Thereafter, in breach of and in violation of said agreements and their duties as a common carrier of goods by sea for hire, each defendant did not deliver their respective shipment that it received in the same good order, condition, and quantity. To the contrary, each defendant and DOE ONE through TEN either failed to deliver the shipment it received, where the shipment was lost overboard during the ocean carriage to Long Beach or delivered their respective shipment in a damaged condition. As a result, each defendant is liable for the total loss and/or damage to their respective shipment as described in Schedule A.

/ / /

/ / /

/ / /

/ / /

13.     By reason of each defendant's failure to deliver the shipment it received in the same good order and condition, each defendant has caused a loss to Plaintiffs in the amount of loss identified for the shipment identified in Schedule A, with the total loss Plaintiffs sustained for all shipments equaling or estimated to be $679,399.61 for plaintiff ATLANTIC; $42,108.09 for plaintiff FEDERAL; $60,603.40 for plaintiff INDEMNITY; $85,493.20 for plaintiff INTACT and $362,526.56 for plaintiff TAIAN, no part of which has been paid by any defendant, despite demand therefor.

WHEREFORE, Plaintiffs prays relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

14.     Plaintiffs refer to and incorporate herein by reference paragraphs 1-9 as though fully set forth herein. This cause of action is plead in the alternative.

15.     Each defendant, including DOE ONE through TEN, under contracts of carriage, namely the bills of lading identified in Schedule A and others, including without limitation Service Agreement(s), and in return for good and valuable consideration, agreed to transport and carry the shipment it received, as identified in Schedule A, to the Place of Delivery identified in Schedule A via the Port of Long Beach, California and there deliver said shipment in the same good order, condition, and quantity as when received to the lawful owner of the shipment.

16.     In breach of said contract, each defendant did not deliver the shipment it received in the same good order, condition, and quantity as when received. To the contrary, each defendant a failed to deliver the shipment in the same condition as received, as each shipment was lost overboard and/or damaged during the ocean carriage.

17.     By reason of each defendant's failure to deliver the shipment it received in the same good order and condition, each defendant has caused a loss to Plaintiffs in the amount of loss identified for the shipment in Schedule A, with the

total loss Plaintiffs sustained for all shipments equaling or estimated to be $679,399.61 for plaintiff ATLANTIC; $42,108.09 for plaintiff FEDERAL; $60,603.40 for plaintiff INDEMNITY; $85,493.20 for plaintiff INTACT and $362,526.56 for plaintiff TAIAN, no part of which has been paid by any defendant, despite demand therefor.

WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## **THIRD CAUSE OF ACTION**

### **(Bailment)**

18.    Plaintiffs refer to and incorporate herein by reference paragraphs 1-9 as though fully set forth herein. This cause of action is plead in the alternative.

19.    In receiving and arranging for the shipments of cargo, either by themselves or through their agents, each defendant, including DOE ONE through TEN acted as bailees for hire, setting up a bailment agreement as a matter of law. In breach of said bailment agreement, each defendant failed to safely deliver the shipment it received, as identified in Schedule A, in the same good order and condition. To the contrary, each shipment was never delivered or delivered damaged.

20.    By reason of each defendant's failure to deliver the shipment it received in the same good order and condition, each defendant has caused a loss to Plaintiffs in the amount of loss identified for the shipment in Schedule A, with the total loss Plaintiffs sustained for all shipments equaling or estimated to be $679,399.61 for plaintiff ATLANTIC; $42,108.09 for plaintiff FEDERAL; $60,603.40 for plaintiff INDEMNITY; $85,493.20 for plaintiff INTACT and $362,526.56 for plaintiff TAIAN, no part of which has been paid by any defendant, despite demand therefor.

WHEREFORE, Plaintiff prays relief as hereinafter set forth.

/ / /

/ / /

# FOURTH CAUSE OF ACTION

## (Damage to Cargo – Harter Act, 46 U.S.C. § 30704)

21.     Plaintiffs refer to and incorporate herein by reference paragraphs 1-9 as though fully set forth herein. This cause of action is pled in the alternative.

22.     Each defendant, including DOE ONE through TEN, under contracts of carriage, namely the bills of lading identified in Schedule A and others, including without limitation shipping documents, and in return for good and valuable consideration, agreed to carry the shipment it received, as identified in Schedule A, from a port of a foreign country to the Place of Delivery, as both identified in Schedule A, via the Port of Long Beach, California and there deliver said shipment in the same good order, condition, and quantity as when received to the lawful owner of the shipment.

23.     Thereafter, in breach of and in violation of said agreements and their duties as a common carrier of goods by sea for hire, each defendant did not deliver their respective shipment that it received in the same good order, condition, and quantity. To the contrary, each defendant either failed to deliver the shipment it received, where the shipment was lost overboard during the ocean carriage to Long Beach or delivered their respective shipment in a damaged condition. As a result, each defendant is liable for the total loss and/or damage to their respective shipment as described in Schedule A.

24.     By reason of each defendant's failure to deliver the shipment it received in the same good order and condition, each defendant has caused a loss to Plaintiffs in the amount of loss identified for the shipments in Schedule A, with the total loss Plaintiffs sustained for all shipments equaling or estimated to be $679,399.61 for plaintiff ATLANTIC; $42,108.09 for plaintiff FEDERAL; $60,603.40 for plaintiff INDEMNITY; $85,493.20 for plaintiff INTACT and $362,526.56 for plaintiff TAIAN, no part of which has been paid by any defendant, despite demand therefor.

1         WHEREFORE, Plaintiffs ATLANTIC SPECIALTY INSURANCE

2    COMPANY, FEDERAL INSURANCE COMPANY, INDEMNITY INSURANCE

3    COMPANY OF NORTH AMERICA, INTACT INSURANCE COMPANY and

4    TAIAN INSURANCE CO., LTD. pray for relief as follows:

5         A.    That this Court enter judgment in its favor and against each defendant

6    for the amount of each Plaintiff's damages;

7         B.    That this Court decree payment by each defendant and to each Plaintiff

8    in the sum of the amount of loss identified in Schedule A for the shipment each

9    defendant received or another amount to be proven a trial, together with contractual

10   attorneys' fees, prejudgment interest thereon and costs of suit herein;

11        C.    That Plaintiffs have such other and further relief as in law and justice it

12   may be entitled to receive.

13                   Respectfully submitted,

14   Dated: November 16, 2021         GIBSON ROBB & LINDH LLP

15

16

17                  /s/ MICHAEL J. CUMMINS

               Michael J. Cummins

18                  mcummins@gibsonrobb.com

               Attorneys for Plaintiffs

19                  ATLANTIC SPECIALTY INSURANCE

               COMPANY, FEDERAL INSURANCE

20                  COMPANY, INDEMNITY INSURANCE

               COMPANY OF NORTH AMERICA,

21                  INTACT INSURANCE COMPANY and

               TAIAN INSURANCE CO., LTD.

22

23

24

25

26

27

28

# SCHEDULE A

| Shipment | Carrier / Defendant | Insurer / Plaintiff | Bills of Lading Nos: | Container Nos.: | Cargo | Port of Loading | Loading Date | Place of Delivery | Amount of Loss |
|---|---|---|---|---|---|---|---|---|---|
| (A) | Apex Logistics International Inc. | Atlantic Specialty Insurance Company | APSS201129A | HDMU6813376 | Garments | Phnom Penh, Cambodia | 11/8/2020 | Long Beach, CA | $427,695.05 |
| | | | APSS201129B | HDMU6781664 & TCLU5630783 | Garments | Phnom Penh, Cambodia | 11/8/2020 | Long Beach, CA | |
| | | | APSS201129C | CAIU7367936 | Garments | Phnom Penh, Cambodia | 11/8/2020 | Long Beach, CA | |
| (B) | UPS Asia Group Pte. Ltd. | Atlantic Specialty Insurance Company | 7800926155 | BEAU1451629 2; SEGU6790025; TCNU4669197 | Garments | Laem Chabang, Thailand | 11/10/2020 | Los Angeles, CA | $238,119.21 |
| (C) | UPS Asia Group Pte. Ltd. | Atlantic Specialty Insurance Company | 7800974511 | ONEU0278580 MOTU1425215; TCLU6855167 | Coconut Water | Cai Mep, Vietnam | 11/14/2020 | Long Beach, CA | $23,585.35 |
| (D) | Topocean Consolidation Service (Los Angeles) Inc. | Federal Insurance Company | ZHGORDKB4605 | SEGU4461036 | Lighting Fixtures | Jiangmen, China | 11/9/2020 | Troy, MI | $42,108.09 |
| (E) | Apex Logistics International Inc. | Taian Insurance Co., Ltd. | VNOE201100 51 | NYKU5776064 & TCNU3149014 | Electronics | Ho Chi Minh City, Vietnam | 11/14/2020 | Chicago, IL | $275,737.00 |
| (F) | Topocean Consolidation Service (Los Angeles) Inc. | Taian Insurance Co., Ltd. | VNMLAXKB4190 | BEAU5238880 & TRLU7601696 | Tires | Vung Tau, Vietnam | 11/12/2020 | Seville, OH | $86,789.56 |
| (G) | Trans Knights, Inc. | Intact Insurance Company | DGS2020008 | HLBU2696870; UACU6088769; HLXU8189715; FSCU7175381 | Furniture | Cai Mep, Vietnam | 11/4/2020 | Long Beach, CA | $85,493.20 |
| (H) | Tianshi Logistics Co., Ltd. | Indemnity Insurance Company of North America | TSL-SZODE201 10491 | GAOU6209051; KOCU4357820 | Furniture | Yantian, China | 11/19/2020 | Long Beach, CA | $60,603.40 |